# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **RICARDO VARGAS and JUAN PABLO GARCIA, on Behalf of Themselves and on Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. 4:09-cv-01674** |
| **v.** | § § § | |
| **THE RICHARDSON TRIDENT COMPANY, et al.** | § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' MOTION FOR CLASS NOTICE
## AND FOR LIMITED DISCOVERY

Respectfully submitted,

**KENNEDY HODGES, L.L.P.**


By: /s/ Galvin Kennedy
    Galvin B. Kennedy
    State Bar No. 00796870
    Federal Bar No.  20791
    3701 Kirby Drive, Suite 400
    Houston, Texas 77098
    Telephone: 713-523-0001
    Facsimile:  713-523-1116

**ATTORNEY IN CHARGE FOR
PLAINTIFFS**

**OF COUNSEL:**

Ricardo J. Prieto
State Bar No. 24062947
Federal Bar No. 1001658
**KENNEDY HODGES, L.L.P.**
3701 Kirby Drive, Suite 400
Houston, Texas 77098
Telephone: 713-523-0001
Facsimile:  713-523-1116

And

**Cortlan H. Maddux**
State Bar No. 24004788
Federal I.D. No. 23959
**JOHN STEVENSON
& ASSOCIATES, P.C.**
24 Greenway Plaza, Suite 750
Houston, Texas  77046
Telephone: 713.622.3223
Facsimile:  713.622.3224

**CO-COUNSEL FOR PLAINTFFS**

# TABLE OF CONTENTS

Table of Contents..............................................................................ii
Table of Authorities...........................................................................iii

I.      Summary of Argument: Trident paid Plaintiffs their regular rate for
        overtime hours. Other employees were likewise denied overtime
        payment. The court should allow class notice and discovery. . . . . . . . . . . . . . .  1

II.     Summary of FLSA violation—straight time pay for overtime hours. . . . . . . . . .  2

III.    The Analytical Framework for Certifying a Collective Action . . . . . . . . . . . . . . . 4
        A.      Conditional certification is the preferred methodology................ 4
        B.      The Standard for Notice is a "Lenient" One . . . . . . . . . . .. . . . . . . . . . . . 5
        C.      Key issue is whether employees are similarly situated. . . . . . . . . . . . . .  6
        D.      Defendant has the right to move to decertify later....................... ...8

IV.     The issuance of notice is appropriate in this case as Plaintiffs meet the
        similarly situated standard...........................................................9
        A.      There are other similarly situated employees who may desire
                to opt in.................................................................... ... 9
        B.      The other potential class members are similarly situated with
                respect to their relevant job requirements and pay provisions.. . . . . . . . . .10
        C.      Plaintiffs have carried their burden of demonstrating a reasonable
                basis for a collective action............................................ ......10

V.      Notice should be expedited due to the running of the statute of limitations. . . . .  12

VI.     The proposed notice is fair and adequate..................................... 13

VII.    The proposed limited discovery is essential to ensure timely notice. . . . . . . . . . . 14

VIII.   Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## <u>TABLE OF AUTHORITES</u>

**CASES:**                                                                                    **PAGE:**

*Alba v. Madden Bolt Corp.*, Civil action H-02-1503 (S.D. Tex. June 5, 2002)….......4, 11, 15

*Baum v. Shoney's Inc.*, 1998 U.S. Dist. LEXIS 21484, 5 Wage & Hour Cases 2d (BNA) 127 (M.D. Fla. 1998)……………………………………………………………..12

*Belcher v. Shoney's, Inc.*, 927 F. Supp. 249 (M.D. Tenn. 1996)…………………….....14, 15

*Blake v. Colonia Savings, F.A.* No. Civ. A. H-04-0944, 2004 WL 1925535 (S.D.Tex., Aug. 16, 2004)……………………………………………………………………………7

*Brooks v. Bellsouth Telecomms.*, 164 F.R.D. 561(N.D. Ala. 1995)……………………..7

*Bursell v. Tommy's Seafood Steakhouse*, 2006 WL 3227334 (S.D.Tex. Nov. 3, 2006)……...5

*Clarke v. Convergys Customer Management Group, Inc.*, 370 F.Supp.2d 601 (S.D.Tex. 2005)……………………………………………………………………………...5

*Dybach v. Florida Dep't. of Corrections.*, 942 F.2d 1562 (11th Cir. 1991)………………..6, 7

*Foraker v. Highpoint Southwest, Services, L.P.*, 2006 WL 2585047 (S.D.Tex. Sept 7, 2006)……………………………………………………………………………...5

*Gardner*, Civil Action No. H-00-3889 (S.D. Tex. December 20, 2000)…………………....11

*Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991)……………………….5, 14

*Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996)………………...2, 6, 7, 8, 11, 13, 14

*Guzman v. Varco Intern., Inc.*, 2002 WL 32639237 (S.D.Tex. May 30, 2002)…………..…..5

*Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358 (M.D.Ala. 1999)……………………….....7, 8

*Herrera v. Unified Mgmt. Corp*, 2000 U.S. Dist. LEXIS 12406 (N.D. Ill. 2000)…………...13

*Hipp. v. Liberty Nat'l Life Ins. Co.*, 252 F. 3d 1208, 1219 (11th Cir. 2001)……………….5, 14

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989)………………………...2, 7, 9, 13, 14

*In Re Reyes*, 814 F.2d 168 (5th Cir. 1987)………………………………………………14

*Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753 (S.D.Tex. 2004)…………...5

## TABLE OF AUTHORITES

*King v. GE Co.*, 960 F.2d 617, 621 (7th Cir. 1992)………………………………………….5

*Krueger v. New York Tel. Co.*, 1993 WL 276058 (S.D.N.Y. July 21, 1993)………………...8

*Metz v. Treetop Enters., Inc.*, 1999 U.S. Dist. LEXIS 18386 (N.D. Ala. 1999)……….….…12

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)……………………4, 5, 6, 7, 8, 12

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)…………….………...12

*Reich v. Davis*, 50 F.3d 962 (11th Cir. 1995)……………………………………………….14

*Schwed v. GE,* 159 F.R.D. 373 (N.D.N.Y. 1995)…………………………………………….8

*Shaffner v. Cash Register Sales & Service of Houston, Inc.*, 2006 WL 1007542 (S.D.Tex. April 17, 2006)……………………………………………………………………………….…….5

*Shain v. Armour & Co.*, 40 F. Supp. 488 (W.D. Ky. 1941)…………………………………6

*TGF Precision*, 319 F. Supp. 2d 753(S.D. Tex. 2004)………………………………………6

*Theissen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001)……………….……..5

*Villatoro v. Kim Son Rest., L.P.* 286 F. Supp. 2d 807(S.D. Tex. 2003)…………………...2, 5

## STATUTES AND REGULATIONS:

FED. R. CIV. P. 20(a)……………………………………………………..…….7

FED. R. CIV. P. 23………………………………………………...............................2, 4, 7

29 U.S.C. §207(a)……………………………………………...............................3

29 U.S.C. § 215(a)(3)…………………………………………………………..14

29 U.S.C. § 216(b)………………………………………………….………...…2, 6

29 U.S.C. § 256(a)…………………………………………………………….12

29 C.F.R. § 778.110………………………………………………………….3

29 C.F.R. § 790, 21(b)(2)……………………………………………………...13

I.   **Summary of Argument: Trident paid Plaintiffs their regular rate for overtime hours. Other employees were likewise denied overtime payment. The court should allow class notice and limited discovery.**

Plaintiffs have filed a claim under the Fair Labor Standards Act ("FLSA") against THE RICHARDSON TRIDENT COMPANY, THE RICHARDSON TRIDENT COMPANY D/B/A THE TRIDENT COMPANY, TRIDENT METALS, INC. D/B/A THE TRIDENT COMPANY, and THE TRIDENT COMPANY (collectively "Trident") because Trident failed to pay them the overtime premium (one and one half times their regular rate) when they worked more than 40 hours in a work week.  Through minimal written discovery, Defendants have been forced to admit in response to requests for admissions (1) Plaintiffs are "employees" not independent contractors, (2) Plaintiffs are not exempt under any FLSA exemption, (3) Plaintiffs worked substantial overtime hours, and (4) Plaintiffs were paid their regular rate of pay for their overtime hours.  (*See* Ex. 6, Trident's Answers to Requests for Admissions Nos. 2, 3, 4, and 5). Trident's policy violates that FLSA.

At this phase of the litigation, the current named Plaintiffs seek to notify the remaining current and former employees of their right to recover their unpaid overtime by joining this lawsuit.

Accordingly, it is important to note that the present lawsuit is a *collective* action under 29 U.S.C. § 216(b) of the FLSA. This is not a *class action* under FED. R. CIV. P. 23.  Section 216(b) imposes an "opt-in" requirement, meaning that only employees who fill out consent forms and file them with the court may join the lawsuit. *See* 29 U.S.C. § 216(b). By contrast, Rule 23 makes class participation mandatory unless class members affirmatively "opt-out" of the action. *See* FED. R. CIV. P. 23.  Therefore, courts have found that plaintiffs in FLSA collective actions

need not satisfy the Rule 23 requirements of numerosity, commonality of issues, typicality of claims, and adequacy of representation.[1]

To facilitate the development of a collective action, courts authorize the issuance of notice to potential class members. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-170 (1989); *Villatoro v. Kim Son Rest., L.P.* 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). The notice should be accurate, timely and informative, so that the potential plaintiffs may intelligently decide whether and how to exercise their rights. *Hoffman-La Roche*, 493 U.S. at 171; *Villatoro*, 286 F. Supp. 2d at 809.

This collective action does not turn on individual facts related to an exemption defense. Nor does this collective action depend on unique work habits regarding off the clock time. Instead, this collective action focuses on a clearly defined, cohesive group of employees who worked for Trident and who were subjected to the same payroll practices. Because Trident's employees were paid straight time for their overtime hours, they were not only *similarly* situated, but *identically* situated.   The overtime claims presented in this case can and should be adjudicated on a collective action basis.

## II.   Summary of FLSA violation—straight time pay for overtime hours.

Trident is a metal distribution company doing work in Houston and throughout the United States. Trident concedes it is an "employer" under the definition of the FLSA. *See* Doc. # 3, Defendants' Answer to Plaintiffs' Original Complaint ¶12. Plaintiffs are former non-exempt employees of Trident who did manual labor on a daily basis. Plaintiffs performed the same or similar job function and had the same responsibilities regarding various phases of steel work.

---

[1] *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n.12  (11th Cir. 1996) ("it is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure").

The workers did molding, transporting, forging, cutting and other general labor associated with metalwork. (*See e.g.* Declaration of Ricardo Vargas, Declaration of Fidel Garcia, Declaration of Benjamin Garcia, and Declaration of Juan Pablo. Exhibits 1, 2, 3 and 4, respectively). Plaintiffs request notice be sent to all hourly paid manual laborers (regardless of classification as employee or independent contractor) who worked more than 40 hours in a work week at any time from May 1, 2006 until the present.

Plaintiffs and other non-exempt employees who worked more than 40 hours in one week were denied overtime pay as required by 29 U.S.C. § 207(a) and 29 C.F.R. § 778.110.  Trident paid its employees on an hourly basis without overtime pay. The violation of the FLSA in this claim is straightforward and uncomplicated—Defendant simply paid its employees their regular hourly rate of pay for overtime hours. (*See e.g.* Exhibits 1-A, 2-A, 3-A, and 4-A, payroll documents for Juan Pablo Garcia, Fidel Garcia, Benjamin Garcia, and Ricardo Vargas, respectively). As such, Trident's conduct clearly violates the law requiring it to compensate its employees at the rate of one and one-half times their regular rate for every hour over 40 in a workweek. *See* 29 C.F.R. § 778.110.

Trident admits that the Plaintiffs were non-exempt employees, and as such are covered by the FLSA. (*See* Ex. 6, Trident's Answers to Requests for Admissions Nos. 2 and 4).

In support of this Motion, Plaintiffs attach and incorporate by reference Declarations of the following former employees of Defendants and other key documents:

- Exhibit 1      Declaration of Juan Pablo Garcia
- Exhibit 1-A   Juan Pablo Garcia's Pay stubs and Time Cards
- Exhibit 2      Declaration of Fidel Garcia
- Exhibit 2-A   Fidel Garcia's Pay stubs and Time Cards

3

- Exhibit 3        Declaration of Benjamin Garcia

- Exhibit 3-A    Benjamin Garcia's Pay stubs and Time Cards

- Exhibit 4        Declaration of Ricardo Vargas

- Exhibit 4-A    Ricardo Vargas's Pay stubs and Time Cards

- Exhibit 5        Proposed Declaration of Defendants' representative concerning accuracy and completeness of list of employees

- Exhibit 6        Defendants' Reponses to Plaintiffs' Request for Admissions Nos. 2, 3, 4, & 5

- Exhibit 7        Defendants' Answers to Plaintiffs' First Set of Interrogatories No. 15

- Exhibit 8        MANTA report on The Richardson Trident Co.

- Exhibit 9        Proposed Notice to Class Members; and

- Exhibit 10      Proposed Notice of Consent ("Opt In Form")

## III.    The Analytical Framework for Certifying a Collective Action.

### A.    Conditional certification is the preferred methodology.

As this Court is aware, some courts have previously suggested the use of FED. R. CIV. P. 23 in making the determination of whether to certify a proposed collective action, rather than making use of the two-stage class certification procedure.    The Fifth Circuit suggested determination of "methodology" would be reviewed *de novo*, but the Fifth Circuit expressly declined to decide which method was appropriate for use in *collective* actions.    *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995). However, the practice of courts in the Southern District of Texas has been to employ the two-stage approach.    (*See Alba v. Madden Bolt Corp.*, Civil action H-02-1503 (S.D. Tex. June 5, 2002) (J. Hoyt)).

Many judges in this district – including Judges Harmon, Atlas, Gilmore, Hughes, Lake, Rainey, Rosenthal, Miller, and Werlein – have primarily utilized the two-stage procedure.

Moreover, the practice employed by the Southern District of Texas has been expressly adopted by every federal appellate court that addressed the issue – both prior to and following *Mooney*. *See, e.g., Theissen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001); *Hipp. v. Liberty Nat'l Life Ins. Co.*, 252 F. 3d 1208, 1219 (11th Cir. 2001); *King v. GE Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *see also Villatoro*, 286 F. Supp. 2d at 809-10 (discussing appellate decisions regarding the proper approach to creating a collective action). Therefore, Plaintiffs will address only the methodology preferred by the Southern District of Texas in this motion.

    **B.**    **The Standard for Notice is a "Lenient" One.**

    Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one." *Mooney*, 54 F.3d at 1214. Courts in the Southern District of Texas apply this lenient standard in evaluating motions for conditional certification collective actions. *See, e.g., Bursell v. Tommy's Seafood Steakhouse*, 2006 WL 3227334, at *2 (S.D.Tex. Nov. 3, 2006)(noting that a "lenient" standard - which "typically" results in notice – applies at the first stage)(Rosenthal, J.); *Foraker v. Highpoint Southwest, Services, L.P.*, 2006 WL 2585047, at *3 (S.D.Tex. Sept 7, 2006) (Atlas, J.) (same); *Shaffner v. Cash Register Sales & Service of Houston, Inc.*, 2006 WL 1007542, at *1 (S.D.Tex. April 17, 2006) (Ellison, J.)(same); *Clarke v. Convergys Customer Management Group, Inc.*, 370 F.Supp.2d 601, 604 (S.D.Tex. 2005)(Harmon, J.)(same); *Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753 (S.D.Tex. 2004) (Werlein, J.) (same); *Guzman v. Varco Intern., Inc.*, 2002 WL 32639237, at *3 (S.D.Tex. May 30, 2002) (Gilmore, J.)(same).

    To impose a strict standard of proof at the notice stage would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA. *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991); *Sperling*, 118 F.R.D. at 407

("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'"). Only at the second stage, at the close of discovery, does the Court make a "factual determination" as to whether the class members are similarly situated. *Mooney*, 54 F.3d at 1214. The lenient standard applicable at the first stage "usually results in 'conditional certification' of a representative class, to whom notice is sent and who receive an opportunity to 'opt in.'" *TGF Precision*, 319 F. Supp. 2d 753, 755 (S.D. Tex. 2004).

      **C.**    **Key issue is whether employees are similarly situated.**

      The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); *Mooney*, 54 F.3d at 1216; *Dybach v. Florida Dep't. of Corrections.*, 942 F.2d 1562, 1567 (11th Cir. 1991). "The evident purpose of the Act [FLSA] is to provide one lawsuit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other." *Shain v. Armour & Co.*, 40 F. Supp. 488, 490 (W.D. Ky. 1941).

      For an opt-in class to be created under 29 U.S.C. § 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney*, 54 F.3d at 1213-14; *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S.Ct. 435 (1996). Plaintiffs' claims and positions need not be identical to the potential opt-ins', they need only be similar. *Grayson*, 79 F.3d at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994). Plaintiffs need to only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons exists. *Grayson*, 79 F.3d at 1097.

Accordingly, court-facilitated notice to the "class" regarding FLSA collective overtime litigation is warranted when Plaintiffs demonstrate that there exists others who may wish to opt-in and who are "similarly situated" with respect to their job requirements and pay provisions. *Dybach*, 942 F.2d at 1567-68.[2]  However, similarity in job duties is less important where, as here, there is not a dispute over the putative class members' non-exempt status.  *See, e.g., Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 364 (M.D.Ala. 1999) ("[T]he present case does not involve a question of the applicability of the professional exemption to the overtime provision of the FLSA.  The job requirements of the Plaintiffs' and the putative Plaintiff class members' employment positions, therefore, are not in issue.").

The standard for collective action notice is thus a "***lenient one***." *Mooney*, 54 F.3d at 1213-14 (emphasis added).  "It is considerably 'less stringent' than the proof required pursuant to FED. R. CIV. P. 20(a) for a joinder or FED. F. CIV. P. 23 for class certification." *Grayson*, 79 F.3d at 1096.

As this Court noted in *Blake v. Colonia Savings, F.A.* No. Civ. A. H-04-0944, 2004 WL 1925535, at *2 (S.D.Tex., Aug. 16, 2004)(J. Harmon):

> At the notice stage, "the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members." Because the court has minimal evidence, "this determination is usually made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.

*See also, Mooney*, 54 F.3d at 1213-14; *Gardner*, H-00-3889, *5 (S.D.Tex. Dec.20, 2000) (J. Harmon); *Brooks v. Bellsouth Telecomms.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995); *Sperling v. Hoffman-Laroche, Inc.*, 118 F.R.D. 392, 406-07 (D.N.J. 1988), *aff'd* 493 U.S. 165, 110 S.Ct. 482

---

[2] *Garner v. G.D. Searle Pharm. & Co.*, 802 F. Supp. 418, 419 (M.D. Ala. 1991); *Hipp v. Liberty Nat'l Life Ins. Co.*, 164 F.R.D. 574, 575-76 (M.D. Fla. 1996); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996).

(1989).   A defendant's rebuttal evidence does not bar section 216(b) notice; the Plaintiffs' substantial allegations need only successfully engage the employer's Declarations to the contrary.  *Grayson*, 79 F.3d at 1099 n.17.

    **D.**    **Defendant has the right to move to decertify later.**

Once the Court makes the preliminary determination that the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery.  *Mooney*, 54 F.3d at 1214 n. 7. Discovery is relevant thereafter both as to the merits of the case and for the second step in the collective action procedure where the court evaluates conflicting evidence developed in discovery to test the validity of the preliminary decision made at the notice stage. *See Schwed v. GE,* 159 F.R.D. 373, 375 (N.D.N.Y. 1995) ("[E]ven where later discovery proves the putative class members to be dissimilarly situated, notice…prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]."); *Krueger v. New York Tel. Co.*, 1993 WL 276058 at *2 (S.D.N.Y. July 21, 1993) ("[E]ven if Plaintiffs' claims turn out to be meritless or, in fact all Plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case."); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 365 (M.D. Ala. 1999) ("subsequent discovery may reinforce or undermine" the preliminary finding of similarly situated).

Indeed, allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D. at 406. Once the notice and opt-in period is complete, the Court will have the benefit of knowing the actual makeup of the collective action.  Thus, early notice will help the court to

manage the case because it can "ascertain the contours of the action at the outset." *Hoffman-La Roche*, 493 U.S. at 172.

**IV.    The issuance of notice is appropriate in this case as Plaintiffs meet the similarly situated standard.**

Plaintiffs readily meet the liberal standard for court facilitation of an FLSA collective action.  The detailed Declarations and other evidence submitted here establish that there are other non-exempt employees who should be given the opportunity to "opt-in" and that they are "similarly situated" as to Trident's payroll practices.

**A.    There are other similarly situated employees who may desire to opt in.**

In addition to Ricardo Vargas and Juan Pablo Garcia, many additional employees have already expressed their interest in joining this suit by filing an opt-in form with the court.  These employees, in turn, are aware of yet other employees who have expressed an interest in joining the suit (*See* Doc. No. 1, Plaintiffs' Original Complaint and Exhibits 1 through 4, Declarations of Plaintiffs and Opt-in Plaintiffs).  In addition to the two named plaintiffs, seven other employees have joined this suit. In addition to those nine employees, the attached declarations show another five who were subject to the same payroll practice who might be interested in joining this suit. Upon information and belief, there are numerous other employees who are putative class members in Houston, various other Texas locations and Nationwide.

Furthermore, through written discovery to date, Plaintiffs have discovered that Trident does business under the assumed "Altair Electronics" and "The Altair Company" and "Altair Plastics." (*See* Exhibit 7, Defendants' Answers to Plaintiffs' First Set of Interrogatories No. 15). Clearly, the number of employees already appearing as named and opt-in Plaintiffs, and the current state of the record makes it evident that there are other employees who desire to opt-in to this collective action.

Trident has resisted discovery efforts regarding the precise number of employees who were subject to the same practice. However, Dunn & Bradstreet reports, as recorded by MANTA, that Trident actively employees 500 or more employees throughout its various locations. (*See* Exhibit 8; MANTA report on The Richardson Trident Co.).

**B.     The other potential class members are similarly situated with respect to their relevant job requirements and pay provisions.**

In the case at bar, the alleged and admitted violations were suffered by Trident's manual laborers, regardless of when they were employed. These violations arise from a company-wide practice of Trident and, as such, establish a basic factual scenario experienced not only by the current Plaintiffs, but also by each Potential Class Member. Specifically, each potential opt-in Plaintiff was paid on an hourly basis without regard for payment of overtime pay, just as the named Plaintiffs. These facts make this case particularly suitable for collective treatment. Plaintiffs request notice be sent to all.

Given that the proposed class is limited to hourly paid manual laborers (regardless of classification as employee or independent contractor) who worked more than 40 hours in a work week at any time from May 1, 2006 until the present, and that this motion is supported with sworn testimony of multiple current and former employees, it is clear that all the Potential Class Members are similarly situated in all relevant respects.[3]

---

[3]     Plaintiffs need only demonstrate "some factual nexus which binds the named Plaintiff and the potential class members together…" *Clarke v. Convergys Customer Management Group, Inc.*, 370 F.Supp.2d 601, 605 (S.D.Tex.,2005), *citing Crain v. Helmerich & Payne Int'l Drilling Co.*, 1992 WL 91946, *2 (E.D.La. 1992) (*quoting Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y.1988)).   Here Plaintiffs have presented evidence of similar job duties, similar pay provisions, as well as a specific practice which violates the FLSA. Accordingly, Plaintiffs readily show a "factual nexus" between themselves and the potential class members.

**C.     Plaintiffs have carried their burden of demonstrating a reasonable basis for a collective action.**

Collective action authorization and notice to the class is well warranted here, as Plaintiffs have more than demonstrated a "reasonable basis" for the class allegations. *See Grayson*, 79 F.3d at 1097. First, Plaintiffs provided specific allegations in their Complaint, outlining Trident's violations of the law. (*See* Doc. No. 1, Plaintiffs' Original Complaint, *passim*.) Second, Defendants paid straight time for hours in excess of 40. (*See e.g.* Exhibits 1-A, 2-A, 3-A, and 4-A, payroll documents for Juan Pablo Garcia, Fidel Garcia, Benjamin Garcia, and Ricardo Vargas, respectively). Plaintiffs amply supported the detailed allegations in the Complaint concerning whether they are hourly paid employees with Declarations. (*See* Exhibits 1 through 4, Declarations from Plaintiffs). Finally, Plaintiffs have limited their request for notice only to those workers who are manual laborers, non-exempt and paid hourly, so that the notice reasonably will reach employees who may be similarly situated to the named Plaintiffs.  Plaintiffs do not seek, for example, to send notice to all office or other administrative employees.

The quantum of evidence presented here is in line with the evidence found sufficient to warrant pre-discovery notice by courts in the Southern District of Texas and other courts.  *See, e.g., Alba v. Madden Bolt Corporation*, Civil Action No. H-02-1503 (S.D. Tex. June 5, 2002) (J. Hoyt) (one Declaration sufficient); *Villatoro*, 286 F. Supp.2d at 810-11 (J. Atlas) (one Declaration plus employer documents sufficient); *Gardner*, Civil Action No. H-00-3889 (S.D. Tex. December 20, 2000) (J. Harmon) (detailed allegation sufficient).[4]  Again, Plaintiffs need

---

[4]        *See e.g., Marchan v. Taqmex, Inc.*, Civil Action No. H-02-4167 (S.D. Tex. December 17, 2002) (J. Hughes) (one Declaration sufficient); *Schwartz v. MCI Telecomms. Corp.*, Civil Action No. H-98-1574 (S.D. Tex. February 19, 1999) (J. Werlein) (one Declaration sufficient); *Loreas v. C&S Ranch*, Civil action No. L-97-30 (S.D. Tex. May 16, 1997) (J. Kazen) (one Declaration sufficient); *see also, Zhao v. Benihana, Inc.*, 2001 WL 845000 (S.D.N.Y. May 7, 2001) (one Declaration based on the employee's "best knowledge" sufficient); *See, e.g., Brown v. Money Tree Mortg. Inc.*, 222 F.R.D. 264, 680 (D. Kan. 2004)(two affidavits); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Reab*, 214 F.R.D. at 628 (allegations in complaint); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-45 (N.D. Ill.

only establish a "colorable basis for a representative suit," *Metz v. Treetop Enters., Inc.*, 1999 U.S. Dist. LEXIS 18386, *7 (N.D. Ala. 1999), by presenting a "**modest factual showing**" that they are similarly situated to those for whom they seek notice. *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) (*emphasis added*). Plaintiffs' detailed allegations supported by sworn testimony more than satisfy the "lenient" standard for collective action notice. *Mooney*, 54 F.3d at 1213-14; *Harrison*, 1998 U.S. Dist. LEXIS 13131, *8, *12.

Plaintiffs have shown that Trident's company-wide policy compelled employees to work overtime and that Trident refused to compensate these overtime hours worked at the required rate of one and one-half times their regular rate. The evidence demonstrates that these employees are similarly situated *and* subject to a uniform payroll policy. Accordingly, Plaintiffs' evidence more than justifies authorization of a collective action and notice to those employees who worked at Trident during the last three years. *Cf. Baum v. Shoney's Inc.*, 1998 U.S. Dist. LEXIS 21484, *3, 5 Wage & Hour Cases 2d (BNA) 127 (M.D. Fla. 1998) (while plaintiff need not show putative class members were victimized by single decision, policy, or plan, such a showing is probative in determining whether potential class members are similarly situated).

## V.    Notice should be expedited due to the running of the statute of limitations.

Notice to the class should be expedited in this action in order to prevent the wasting of the employees' claims. The employees' claims are governed by a two year statue of limitations or, in the case of a "willful violation," a three year statute of limitations. *See* 29 U.S.C. § 256(a). The statute of limitations is generally not tolled for any individual class member until that

---

1982) (allegations in complaint sufficient); Ballaris, 2001 U.S. Dist. LEXIS 13354 at *3-*5 (two affidavits); *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001), *rev'd on other grounds*, 342 F.3d 301 (four affidavits); *Camper v. Home Quality Mgmt, Inc.*, 200 F.R.D. 516, 519-21 (D. Md. 2000) (sworn testimony from two deponents and two declarations); *Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477 (E.D. Cal. Oct 3, 2005)(allegations in complaint and declaration of the plaintiff demonstrate plaintiff and other class members are similarly situated).

individual has filed with the Court a written consent to join the lawsuit. *See* 29 C.F.R. § 790, 21(b)(2); *Grayson*, 79 F.3d at 1105-06. Consequently, the statute of limitations is potentially diminishing the value of these employees' claims with each passing day.

The information contained in the proposed notice should therefore be issued as soon as possible to allow these hourly-paid employees to act to protect their interests. (S*ee* Exhibit 9, Proposed Class Notice) Without notice, they are unaware of their right to opt in, and they are powerless to prevent their claims from wasting away.  Moreover, as some of the potential Class members no longer work for Trident, their whereabouts will be increasingly difficult to trace and evidence may be lost with the passing of time. Therefore, notice should be expedited in this action to the maximum extent feasible, and should be sent to all "similarly situated" employees employed during the maximum three year potential liability period.  *See Belcher v. Shoney's, Inc.*, 927 F. Supp. 249 (M.D. Tenn. 1996) (ordering notice to all employees who were employed within the maximum, three year statue of limitations); *Herrera v. Unified Mgmt. Corp*, 2000 U.S. Dist. LEXIS 12406 (N.D. Ill. 2000) (same).

**VI.    The proposed notice is fair and adequate.**

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-Laroche*, 493 U.S. at 170. Use of court-authorized notice also prevents "misleading communications." *Id.* at 172; *Garner*, 802 F. Supp. at 422.

Plaintiffs' proposed court-approved notice (Exhibit 9) to the potential opt-ins is "timely, accurate, and informative," as required. *Hoffmann-LaRoche*, 493 U.S. at 172. It provides notice of the pendency of the action and of the opportunity to opt in.  Plaintiffs' legal claims are accurately described.  Potential opt-ins are advised that they are not required to participate. The

notice provides clear instructions on how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in the FLSA action.  *See* 29 U.S.C. § 215(a)(3); *Reich v. Davis*, 50 F.3d 962, 964 (11th Cir. 1995). Just as important, the notice states that the FLSA covers employees even if they are undocumented workers.  *In Re Reyes*, 814 F.2d 168, (5th Cir. 1987). Given that many of the potential class members speak Spanish, once the exact wording of the Notice is approved, Plaintiffs' counsel will hire a qualified translator to translate the notice into Spanish and send both versions to the potential opt-ins.

Plaintiffs propose that the notice and consent forms be mailed by first class mail to all potential opt-ins for the entire three-year period.  Plaintiffs' counsel will oversee the mailing of such notice and incur the charges for same (postage, copying, etc.).   Those class members interested in participating would be required to file their consents with the Court within 60 days of the mailing.  This is consistent with established practice under the FLSA. *Hoffmann-LaRoche*, 493 U.S. at 172; *Garner*, 802 F. Supp. at 422 (cut off date expedites resolution of action).

**VII.    The proposed limited discovery is essential to ensure timely notice.**

Discovery of a mailing list and contact information for class members is a routine component of notice in collective actions. (*See Alba v. Madden Bolt Corp.*, Civil action H-02-1503 (S.D. Tex. June 5, 2002) (J. Hoyt) (Court ordered Defendant to produce "the full name, last known address, telephone numbers, dates and location of employment for three years); *Hoffman-LaRoche*, 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses…"); *Grayson*, 79 F.3d at 1111 (ordering production of mailing list); *Belcher*, 927 F. Supp. at 252 (same); *Hipp*, 164 F.R.D. at 576 (same)).  Indeed, such a mailing list is essential to the timely notice.  *Hoffmann-LaRoche*, 493 U.S. at 170 ("timely notice" required).

Trident should therefore be ordered to produce the last known addresses, all phone numbers, dates of birth and social security numbers for all the relevant workers employed within three years preceding the filing of this action, *i.e.* three years from May 1, 2009.[5]  This information is discoverable as a matter of right even in the absence of a collective action, because these other employees are people with relevant knowledge. Therefore, requiring the production of such information would merely be making Defendant provide information that would be discovered through initial disclosures.  All of the requested information is necessary, including social security numbers and dates of birth, to allow Plaintiffs sufficient information to confirm current addresses and/or to locate those persons who may have moved from their last known addresses.  Without this information, the notices are more likely to be returned due to outdated or inaccurate addresses.  This in turn will result in Plaintiffs' counsel requesting an extension of the opt-in period to accommodate those class members, thereby further delaying the timely resolution of this matter.  In addition, providing phone numbers allows Plaintiff's counsel to verify the accuracy of the list by contacting former employees to determine if they are aware of anyone who was subject to the same payroll practice but whose name was omitted from the list.

Moreover, Defendants' designated representative should be required to produce this list with a Declaration in the form attached hereto as Exhibit 5 stating under oath what efforts were taken to make sure the list is complete and accurate so as to subject the person so stating to the penalties of perjury, should the list turn out to be incomplete. Plaintiff's counsel past experience in these cases involving dozens or hundreds of employees is that certain employees are inevitably "omitted" from the lists either intentionally or mistakenly due to inadequate time spent

---

[5] Before this suit was filed, the parties engaged in settlement discussions. During that time, counsel for Trident agreed to toll the applicable statute of limitations so that the case is treated as if it were filed on May 1, 2009, even though the actual filing date was June 1, 2009.

locating the information. Requiring a declaration encourages a through search for all included employees.

**VIII.   Conclusion**

For the foregoing reasons, the Court should grant Plaintiffs' Motion to: (1) conditionally certify this action as a collective action; (2) authorize mailing of the proposed notice and consent form (Exhibits 9 and10) to all manual laborers who were paid hourly who worked more than 40 hours per week at any time during the period from May 1, 2006 through the present; and (3) require Defendants to produce the names, addresses, phone numbers, dates of birth and social security numbers of all such class members so that notice may be implemented.   The authorization of the mailing should include employees of The Richardson Trident Company as well as under all of its assumed names including The Altair Company which operates under the division names "Altair Electronics" and "Altair Plastics."

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules of Civil Procedure 7.1(D) and Section 5(C) of this Honorable Court's procedures, Plaintiff's attorney states as follows: This is to certify that the undersigned attorney attempted in good faith to confer with opposing counsel concerning this motion and defense counsel is opposed to this motion.

_____/s/_____
Galvin B. Kennedy

## CERTIFICATE OF SERVICE

This is to certify that on September 4, 2009 a true and correct copy of the foregoing instrument has been served to the following electronically, via facsimile, hand delivery and/or certified mail, return receipt requested:

**Jay M. Wallace**, Attorney-in-charge
State Bar No. 20769200
S.D. Tex. Bar No. 20030
**Michael L. Baum**
State Bar No. 24006815
S.D. Tex. Bar No. 870734
8080 N. Central Expressway, Suite 1300, L.B. 50
Dallas, Texas 75206-1838

**COUNSEL FOR DEFENDANTS**

_____/s/_____
Galvin B. Kennedy