IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICARDO VARGAS and JUAN PABLO GARCIA, on behalf of themselves and on behalf of all others similarly situated, § § § § Plaintiffs, § § V. § THE RICHARDSON TRIDENT COMPANY, § THE RICHARDSON TRIDENT COMPANY § d/b/a THE TRIDENT COMPANY, TRIDENT § METALS, INC. d/b/a THE TRIDENT § COMPANY, and THE TRIDENT COMPANY, § § Defendants. § | CIVIL ACTION NO. H-09-1674 |

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Plaintiff's Motion to Compel (Document No. 22) in which Plaintiff seeks an Order compelling Defendant to fully answer Interrogatory Nos. 10, 14 and 20, produce documents responsive to Request for Production Nos. 1, 3, 4, 5, 6 and 7, and make a corporate representative available for deposition. In response to the motion, Defendant states that it will supplement its response to Interrogatory No. 10, will produce documents responsive to Request for Production Nos. 1, 3, 4, 5, 6, and 7, when such documents are found, and has made arrangements for a corporate representative to be available for deposition. As such, all that remains at issue are Defendant's objections and responses to Interrogatory Nos. 14 and 20.

Interrogatory No. 14 asks Defendant to: "Identify all hourly-paid employees (current and former) by name, address, phone number, social security number, position and dates of employment with the Defendant who have not been paid one and one- half their regular hourly rate for hours

worked over 40 in at least one work week for the last six years." Interrogatory No. 20 asks Defendant to: "Please identify all persons who worked for The Richardson Trident Company d/b/a The Trident Company who were sent a 1099 (or otherwise treated as an independent contractor for payroll purposes) who were also paid on an hourly basis during any time in the last seven years. This interrogatory applies to all locations where Defendant does business, not just in Houston. This interrogatory also applies to the divisions of Defendant known as (1) Altair Electronics, (2) The Altair Company and (3) Altair Plastics." Defendant objected to these interrogatories on the basis on the basis of overbreadth, undue burden, relevancy, as not being reasonably limited in time, and as seeking personal information about persons not parties to this suit.

Having considered the claims and issues in this case, the interrogatories and objections thereto that remain at issue, the evidence of overtime violations at two of Defendant's Houston-area facilities, and the limitations period for FLSA claims such as that alleged in this case, it is

ORDERED that Plaintiff's Motion to Compel (Document No. 22) is GRANTED in PART, and Defendant shall, within twenty-one days after the entry of this Order, provide Plaintiff with information, from January 1, 2006, forward, that is responsive to Interrogatory Nos. 14 and 20. To the extent any responsive information is confidential, the parties shall negotiate and submit for entry in this case an agreed protective order.

Signed at Houston, Texas, this 11th day of January, 2010.

*Frances H. Stacy*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE