UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICARDO VARGAS and JUAN PABLO GARCIA, on Behalf of Themselves and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:09-cv-01674 |
| v. | § § § | |
| THE RICHARDSON TRIDENT COMPANY, et al. | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR EMERGENCY RULING ON PLAINTIFFS' MOTION
FOR CLASS NOTICE AND LIMITED DISCOVERY**

**TO THE HONORABLE JUDGE OF SAID COURT**:

**NOW COME** Plaintiffs, and file this, their Motion for Emergency Ruling on Plaintiffs' Motion for Class Notice and Limited Discovery or, in the alternative, set said Motion for an emergency oral hearing. Plaintiffs support their request as follows:

1. **Procedural background regarding Motion for Class Notice.**

Plaintiffs filed their Motion for Class Notice and Discovery on September 4, 2009. Defendant's filed their Response on September 24, 2009. Plaintiffs in turn filed their Reply Brief on October 1, 2009. The primary issue evolved into the geographical scope of the overtime violation, as opposed to the existence of a violation. Defendant claimed class should be denied or, if granted, limited to Houston workers. Plaintiffs claimed it should extend to all thirteen of Defendants' facilities and its Altair divisions.

In the middle of November 2009, a current administrative employee of Defendants who had reviewed Defendants' payroll records as part of her job came forward with testimony that

Defendant's overtime violations went beyond Houston. Plaintiffs then filed a Supplemental Brief in support of their Motion for Class Notice on November 24, 2009 with an affidavit by that witness.

On January 10, 2010, Magistrate Judge Francis Stacy granted Plaintiff's Motion to Compel, requiring Defendants to produce information regarding workers at all thirteen of Defendants' facilities and its Altair divisions. (See Doc. # 27)

**2.      Potential Class members' claims are wasting.**

The employees' claims are governed by a two year statue of limitations or, in the case of a "willful violation," a three year statute of limitations. *See* 29 U.S.C. § 256(a). Unlike a class action lawsuit, in a collective action such as this one, the statute of limitations is generally not tolled for any individual class member until that individual has filed with the Court a written consent to join the lawsuit. *See* 29 C.F.R. § 790, 21(b)(2). Defendants' non-exempt, hourly-paid workers have been denied overtime compensation for well over three years and in some cases up to seven years. Consequently, the statute of limitations is potentially diminishing the value of these employees' claims with each passing day. This wasting of their claims without any fault makes issuing class notice urgent, and is the impetus behind this Motion.

For example, the evidence produced to date for the current plaintiffs shows that some of these workers were denied more than $200 per week in overtime pay, not including liquidated damages. For class members who have not been given the opportunity to join this suit since the filing of the lawsuit on June 16, 2009, each stands to lose 26 weeks or $5,460 in back pay. Given there are likely 100 or more class members, the damage to the class due to delay can be extreme.

**2.     The trial setting in this case might have to be continued if class notice is not issued promptly.**

This case is set for trial on September 13, 2010. However, the discovery and dispositive motion deadlines both fall on June 1, 2010. If the Court does grant Plaintiffs' Motion for Class Notice, the parties would have to assemble the addresses and oversee the mailing of the notices. Court's often allow 30 to 45 days for class members to file their opt-in forms. Given these time parameters, it would be difficult to complete discovery regarding any opt-in plaintiffs by the deadline unless notice is delivered at once.

**3.     The contact information for the class members is growing stale.**

Moreover, as many of the potential Class members no longer work for Defendants, their whereabouts will be increasingly difficult to trace and evidence may be lost with the passing of time. Therefore, notice should be expedited in this action to the maximum extent feasible.

WHEREFORE, Plaintiffs respectfully request that the court rule on their Motion for Class Notice and Limited Discovery on an emergency basis to the extent practicable for the Court. In the alternative, Plaintiffs respectfully request that the Court set Plaintiff's Motion for Class Notice and Limited Discovery for an emergency hearing.

Respectfully submitted,

**KENNEDY HODGES, L.L.P.**

By: _____/s/_____
    Galvin B. Kennedy
    State Bar No. 00796870
    Federal Bar No. 20791
    3701 Kirby Drive, Suite 400
    Houston, Texas 77098
    Telephone: 713-523-0001
    Facsimile:  713-523-1116
    **Attorney-in-Charge for Plaintiffs**

OF COUNSEL:
Ricardo J. Prieto
State Bar No. 24062947
Federal Bar No. 1001658
**KENNEDY HODGES, L.L.P.**
3701 Kirby Drive, Suite 400
Houston, Texas 77098
Telephone: 713-523-0001
Facsimile: 713-523-1116

And

**Cortlan H. Maddux**
State Bar No. 24004788
Federal I.D. No. 23959
**JOHN STEVENSON
& ASSOCIATES, P.C.**
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Telephone: 713.622.3223
Facsimile: 713.622.3224
**CO-COUNSEL FOR PLAINTFFS**

## CERTIFICATE OF CONFERENCE

This is to certify that Plaintiffs' Counsel has contacted Defense Counsel via telephone and via letter and has attempted in good faith to resolve this matter but has been unable to reach an agreement.

/s/
Galvin B. Kennedy

## CERTIFICATE OF SERVICE

This is to certify that on January 15, 2010 a true and correct copy of the foregoing instrument was served on all parties in accordance with the Federal Rules of Civil Procedure:

/s/
Galvin B. Kennedy

4